**RECEIVED**

JAN 1 2 2017

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

HEATHER SEMAR                                    CIVIL ACTION NO. 15-2108

VERSUS                                                JUDGE DOHERTY

WAL-MART LOUISIANA LLC                  MAGISTRATE JUDGE WHITEHURST

## MEMORANDUM RULING

Pending before this Court is the Motion for Summary Judgment [Doc. 14] filed by defendant

Wal-Mart Louisiana LLC.  The motion is opposed by the plaintiff, Heather Semar [Doc. 16].  For

the following reasons, the Motion for Summary Judgment is DENIED.

## I.      Factual and Procedural Background

The plaintiff filed this lawsuit after she was struck by a line of shopping carts in her right hip

at the Crowley, Louisiana Wal-Mart store on May 3, 2014.  The following facts appear to be

undisputed:

- The plaintiff was struck in her right hip by a line of carts at the Crowley, Louisiana
  Wal-Mart store on May 3, 2014.[1]

- At her deposition, the plaintiff testified she seeks damages for a labral tear in her left
  hip.[2]

- The plaintiff testified at her deposition that she had experienced pain in her left hip

---

[1] *See* plaintiff's Petition for Damages, Doc. 1., at ¶2; *see also* Exhibit A, Deposition of Heather Semar,
attached to defendant's Motion for Summary Judgment, Doc. 14, at pp. 21-22.

[2] *See* deposition of Heather Semar, at p. 16.

prior to the Wal-Mart accident.[3]

- The plaintiff also testified that in September 2014, after the Wal-Mart accident and before she sought treatment for the pain in her left hip, she was walking on the beach when she began having snapping and popping in the left groin area.[4]

- The plaintiff was treated by two orthopedists – Dr. Michael Holland and Dr. Judson Penton – beginning in November 2015. When she presented to Dr. Holland on November 5, 2014, the plaintiff stated she "had been in pain for the last 3 years." The location of her pain was described as the "lateral aspect of the left hip."[5]

- Dr. Brett Cascio performed a left hip arthroscopy on the plaintiff on July 27, 2015, over one year after the Wal-Mart accident.[6]

- The plaintiff testified she was unsure whether she injured her left hip in the Wal-Mart accident, instead deferring to her doctors.[7]

- Dr. Cascio testified that, based upon the plaintiff's November 11, 2014 MRI Report, he could not say whether or not "all of the findings on the MRI" (i.e., labral tears – in the plaintiff's left hip) were more likely degenerative-type (chronic) findings as opposed to traumatic (acute) findings.[8]

- Dr. Cascio further testified that the type of findings found on the plaintiff's MRI can occur in the absence of trauma.[9]

- Finally, Dr. Cascio testified he could not give an opinion on whether or not the accident at Wal-Mart – which impacted plaintiff's right hip – caused the plaintiff's

---

[3] *See* deposition of Heather Semar, at pp. 16-17; *see also* November 5, 2014 Report of Dr. Holland, attached as Exhibit 3 to motion for summary judgment and November 11, 2014 MRI Report), attached as Exhibit 4 to motion for summary judgment.

[4] *See* deposition of Heather Semar, at pp. 34-39; *see also* November 21, 2014 Report of Dr. Judson Penton, attached as Exhibit 5 to motion for summary judgment,

[5] *See* November 5, 2014 Report of Dr. Holland.

[6] *See* deposition of Heather Semar, at p. 45; see also March 19, 2015 Report of Dr. Cascio, attached as Exhibit 7 to motion for summary judgment.

[7] *See* deposition of Heather Semar at p. 42.

[8] *See* deposition of Dr. Cascio, at pp. 6-9; 15.

[9] *Id.* at p. 15.

2

labral tear in her left hip.[10]

- The plaintiff filed suit in the Fifteenth Judicial District Court for the Parish of Acadia on April 21, 2015. In her petition, the plaintiff alleged a negligence claim against Wal-Mart, as well as a negligence claim against Wal-Mart employee John Doe for failure to warn of the danger and failure to supervise and instruct other employees.

- Wal-Mart removed the matter to this Court on the basis of diversity jurisdiction on July 29, 2015.

Wal-Mart filed the instant motion for summary judgment, arguing the plaintiff cannot prove medical causation and is, therefore, entitled to summary dismissal of all of the plaintiff's claims. The plaintiff opposes the motion, which is now ripe for consideration.

## II.     Law and Analysis

### A.     Summary Judgment Standard

"A party against whom a claim, counterclaim, or cross-claim is asserted or declaratory judgment is sought may, at any time, move with or without supporting affidavits for summary judgment in the parties favor as to all or any part thereof." Fed. R. Civ. Pro. 56(b). Summary judgement is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Pro. 56(c).

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response by affidavits or is otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. Pro. 56(e)

---

[10] *Id.* at p. 27.

3

As summarized by the Fifth Circuit in <u>Lindsey v. Sears Roebuck and Co.</u>, 16 F.3d 616, 618

(5th Cir. 1994):

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. Id. at 322; *see also*, <u>Moody v. Jefferson Parish School Board</u>, 2 F.3d 604, 606 (5th Cir.1993); <u>Duplantis v. Shell Offshore, Inc.</u>, 948 F.2d 187, 190 (5th Cir.1991). Only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" is a full trial on the merits warranted. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986).

The Supreme Court has instructed:

> The plain language of Rule 56(c) <u>mandates</u> the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Where no such showing is made, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."

> [. . . .]

> . . . In ruling upon a Rule 56 motion, "a District Court must resolve any factual issues of controversy in favor of the non-moving party" only in the sense that, where the facts specifically averred by that party contradict facts specifically averred by the movant, the motion must be denied. That is a world apart from "assuming" that general averments embrace the "specific facts" needed to sustain the complaint. As set forth above, Rule 56(e) provides that judgment "shall be entered" against the nonmoving party unless affidavits or other evidence "set forth specific facts showing that there is a genuine issue for trial." The object of this provision is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit. *Rather, the purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues.*

4

*Lujan v. National Wildlife Federation*, 497 U.S. 871, 884, 888-89 (1990)(quoting *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322-23 (1986)(emphasis added)).

> The Fifth Circuit has further elaborated:
>
> [The parties'] burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. ...[S]ummary judgment is appropriate in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*)(citations and internal

quotations omitted).

Finally, in evaluating evidence to determine whether a factual dispute exists, "credibility

determinations are not part of the summary judgment analysis." *Id.* To the contrary, "in reviewing

all the evidence, the court must disregard all evidence favorable to the moving party that the jury is

not required to believe, and should give credence to the evidence favoring the nonmoving party, as

well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts*

*v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir. 2001).

**B. Analysis**

As an initial matter, this Court notes neither party has briefed the applicable, governing law

for the claims alleged by the plaintiff. In her petition, the plaintiff alleges only the "negligence" of

the defendants, without citing any statutory or jurisprudential basis in law for her claims. As the

plaintiffs' claims are pending in this Court by way of diversity jurisdiction, from the facts, it appears

Louisiana substantive law might govern the claims alleged in this matter pursuant to the *Erie*

5

doctrine, *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), and it is assumed, for these purposes only, the plaintiff asserts claims against Wal-Mart under Louisiana's general negligence statute, La. C.C. art. 2315, as defendants have presented no argument to the contrary.

Thus, assuming, without deciding, for these purposes only, that the Louisiana law of negligence applies, this Court notes Louisiana courts conduct a duty-risk analysis to determine whether to impose liability under Article 2315. *Nagle v. Gusman*, 61 F.Supp.3d 609, 622 (E.D. La. Nov. 18, 2014) (J.Vance), *citing Lemann v. Essen Lane Daiquiris, Inc.*, 923 So.2d 627, 632–633 (La. 2006). Under Louisiana law, "[t]he duty-risk analysis is the standard negligence analysis employed in determining whether to impose liability." *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008), *quoting Lemann*, 923 So.2d at 633. A plaintiff must prove each of five elements: (1) the defendant had a duty to conform his conduct to a specific standard of care (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard of care (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope-of-duty element); and (5) actual damages (the damages element). *Nagle*, 61 F.Supp.3d 609 at 620, *citing S.J. v. Lafayette Parish Sch. Bd.*, 41 So.3d 1119, 1125 (La. 2010); *see also Knight v. Kellogg Brown & Root Inc.*, 333 Fed.Appx. 1, 6 (5th Cir.2009) (applying Louisiana law). A plaintiff's failure to prove any one of these elements results in a determination of no liability. *Knight*, 333 Fed. Appx. at 6.

Wal-Mart's motion argues the absence of the "causation" element, referred to by Wal-Mart as "medical causation." The parties' further failure to provide this Court with the governing legal framework is particularly problematic when considering the arguments made as to the causation

factor. Although Wal-Mart argues the plaintiff must prove "medical causation," the few cases cited in the footnotes of Wal-Mart's brief reference cases *that do not apply the causation standard in negligence cases*. For example, Wal-Mart argues "the test for determining the causal relationship between the accident and subsequent inquiry is whether the plaintiff proved through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident."[11] However, in support of this argument, Wal-Mart cites to *Ridgeway v. Pfizer, Inc.*, 2010 WL 1729187 (E.D. La. Apr. 27, 2010), a district court case involving the Louisiana Products Liability Act, and not a case involving negligence under Article 2315. Although likely, it is unclear to this Court whether the causation standard under the specific act noted is the same under "negligence", *i.e.*, in all likelihood La.Civ.Code art. 2315. Wal-Mart, also, cites a case involving a *motion in limine* to exclude the causation testimony of two doctors, *a case that does not identify the law governing the claims of the plaintiff*.[12] Thus, both parties have failed to supply this Court with the governing law under which the clam is made, as well as the standard for causation, and specifically, the argued "medical causation," and without these fundamental requisites, this Court cannot determine whether the defendant's or the plaintiff's argument is well-supported.

The parties, also, fail to clarify the testimony of the only expert in this case, whose testimony and opinion would seem to be determinative of the issue presented, the plaintiff's treating physician, Dr. Cascio. In its motion, Wal-Mart avers Dr. Cascio testified that, based upon the plaintiff's November 11, 2014 MRI Report, he could not say whether or not "all of the findings on the MRI" - a left hip examination per the report – were more likely degenerative-type (chronic) findings as

---

[11] *See* memorandum in support of motion for summary judgment, at p. 4.

[12] *See Lassiegne v. Taco Bell Corp.*, 202 F.Supp.2d 512 (E.D. La. Apr. 11, 2002).

opposed to traumatic (acute) findings,[13] and point out Dr. Cascio further testified the type of findings found on the plaintiff's left hip MRI can occur in the absence of trauma.[14]  Finally, defendants argue Dr. Cascio testified he could not give an opinion as to whether or not the injury to the plaintiff's right hip caused the plaintiff's labral tear in her left hip.[15]  Because Dr. Cascio cannot give an opinion as to causation, and because he is the only designated expert witness, Wal-Mart argues the plaintiff cannot prove an essential element of her claim, *i.e.*, "medical causation."  Defendants argue the Louisiana Supreme Court has held that when the conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required to prove causation.  *Pfiffner v. Correa*, 643 So.2d 1228, 1234-35 (La.1994).  Considering the foregoing, Wal-Mart's argument appears to have merit.

However, in his response to the defendant's statement of uncontested facts, the plaintiff denies that Dr. Cascio testified "he could not say the Wal-Mart accident more probably than not caused Plaintiff's left hip injury and treatment," stating that "Dr. Cascio testified that the mechanism of injury which befell Semar in the accident **could have caused a labral tear in Semar's left hip.**"[16]

With such clear internal contradiction, this Court reviewed Dr. Cascio's testimony and found it is unclear to this Court whether the plaintiff's interpretation of Dr. Cascio's testimony is accurate or whether defendant's interpretation is accurate.  The testimony in question is as follows:

---

[13] *See* Deposition of Dr. Cascio, at pp. 6-9; 15, and November 11, 2014 MRI Report, attached as Exhibit 4 to Wal-Mart's motion.

[14] *See* Deposition of Dr. Cascio, at p. 15.

[15] *Id.* at 27.

[16] *See* plaintiff's Response to Wal-Mart's Statement of Uncontested Facts, ¶9, citing Dr. Cascio's deposition at p. 28 (emphasis added).

Q:     Doctor, Jerome Moroux for the plaintiff. I want to kind of start off where you ended up about the issue of causation.

Counsel asked you some questions about walking on the beach. **He didn't ask you any questions about the accident in this case. I want to ask you about it specifically, though.**[17]

Doctor, I want you to assume that the patient was walking in to a Walmart **and was struck from her right side**, as she indicated in your record, by a group of shopping carts which caused her body to twist or tweak to the right unexpectedly, and that would be the impact. Okay. I want you to assume that.

**With that kind of sudden movement and impact from the right-hand side, could that kind of impact cause a labral tear?**

A:     **Yes.**

Q:     **Just on these facts, based on your appreciation of the patient, her age, her weight, and so forth, she would have been susceptible to a labral tear based on this kind of impact to her body. Is that fair to say?**

A:     **Yes.**[18]

This Court's interpretation of the foregoing testimony is that it is unclear to the reader whether Mr. Moroux is questioning the doctor about an injury to the plaintiff's right or left hip. Mr. Moroux's questions specifically reference "the accident" – *i.e.*, the Wal-Mart accident on May 3, 2014 – affecting the plaintiff's right hip. Then, without stating that he is inquiring as to an injury to the plaintiff's left hip, Mr. Moroux simply asks whether such an accident could result in "a labral tear," without referencing either the right hip or the left hip. The doctor responded in the affirmative. Indeed, Dr. Cascio simply testified that being hit with the shopping carts in the right hip could have caused a labral tear, without specifying that such an accident to the right hip could have caused an

---

[17] This Court is mindful that the incident on the beach impacted the plaintiff's left hip, while the "accident," *i.e.*, the Wal-Mart accident, implicated the plaintiff's right hip.

[18] *See* Dr. Cascio's deposition at p. 28-29 (emphasis added).

9

injury to the <u>left hip</u>.  Without clarification of this pivotal point, the Court is unable to determine whether there is an absence of evidence to prove the plaintiff's claim.

Considering the foregoing, this Court finds itself in the unenviable position of having what is arguably and likely a meritorious motion for summary judgment – which would be dispositive of all claims alleged in the lawsuit – having been not properly presented or supported by the movant, and yet, also, not fully opposed by the plaintiff; thus, neither party has carried its respective burden. Therefore, this Court is left with no recourse but to deny the motion, notwithstanding the fact that judicial efficiency suggests this case should not go to trial if the plaintiff cannot carry her burden with respect to causation under whatever might be the applicable law.

Considering the foregoing,

IT IS ORDERED that the Motion for Summary Judgment [Doc. 14] filed by defendant Wal-Mart Louisiana LLC is DENIED for failure of the movant to carry its burden to establish the relief requested.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___12th___ day of January, 2017.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE